**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VICTOR P. HAMPTON,**

    Petitioner,

vs.                                            Case No.: 4:13cv659-WS/CAS

**SECRETARY DEPARTMENT OF CORRECTIONS,**

**and**

**FLORIDA ATTORNEY GENERAL,**

    **Respondents.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY

On November 27, 2013, Petitioner Victor P. Hampton, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with exhibits. Doc. 1. On October 8, 2014, Respondent filed a motion to dismiss, arguing the § 2254 petition should be dismissed as untimely, with exhibits. Doc. 15. Petitioner has not filed a reply, although given the opportunity to do so. *See* Doc. 14.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On November 14, 2007, Petitioner entered a plea of guilty to violating his previously imposed probation related to two counts of aggravated battery on a law enforcement officer in Wakulla County Circuit Court Case No. 2002-CF-0430. Doc. 15 Exs. A, B. Petitioner was sentenced to ten years in prison to be served concurrently with a sentence imposed in Leon County. Doc. 15 Ex. C. Petitioner did not appeal his conviction.

On April 8, 2008, Petitioner submitted a Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence, claiming the trial court lacked jurisdiction to sentence him. Doc. 15 Ex. D. On June 2, 2008, the State responded to Petitioner's Rule 3.800(a) motion, and the motion was subsequently denied on July 31, 2008. Doc. 15 Exs. F, G. Petitioner did not appeal the denial of his motion.

On September 14, 2009, Petitioner submitted a Rule 3.850 motion for state post-conviction relief. Doc. 15 Ex. H. On December 22, 2009, the State filed a Motion for Extension of Time. Doc. 15 Ex. J at 7. The court granted a sixty-day extension for the State to file a response to the Petitioner's Rule 3.850 motion. *Id.* at 9. On December 28, 2009, Petitioner filed a Motion to Hear and Rule with Motion to Strike State's Response. *Id.* at 10–11. On February 18, 2010, Petitioner submitted a Petition for Writ

of Mandamus. *Id.* at 1–6. On February 22, 2010, the State filed its response. Doc. 15 Ex. K.

On July 12, 2010, Petitioner submitted a second Florida Rule of Criminal Procedure 3.800(a) Motion for Jail Time Credit. Doc. 15 Ex. L. On August 10, 2010, Petitioner submitted another Petition for Writ of Mandamus filed in the First District Court of Appeal (DCA), seeking an order compelling the post-conviction court to rule on his Rule 3.850 motion. Doc. 15 Ex. O. On October 5, 2010, the post-conviction court granted, in part, Petitioner's Rule 3.800(a) Motion for Jail Time Credit, and on November 3, 2010, denied as successive Petitioner's Rule 3.850. Doc. 15 Exs. P, Q. On November 8, 2010, the First DCA dismissed the Petition for Writ of Mandamus. Doc. 15 Ex. R. On December 6, 2010, the First DCA denied Petitioner's motion for rehearing. Doc. 15 Ex. T.

Meanwhile, on October 19, 2010, Petitioner appealed the decision granting, in part, his Rule 3.800(a) motion. Doc. 15 Ex. U. Petitioner argued the post-conviction court erred in not granting him additional jail time credit that he believed he was entitled to receive. *Id.* In addition, on November 30, 2010, Petitioner appealed the denial of his Rule 3.850 motion. Doc. 15 Ex. V. On February 24, 2011, the First DCA affirmed the denial of Petitioner's Rule 3.800(a) motion, per curiam, without written decision. Doc. 15 Ex. W; Hampton v. State, 58 So. 3d 263 (Fla. 1st DCA 2011) (table) [case 1D10-6336]. On March 15, 2011, Petitioner moved for rehearing, which was denied on April 14, 2011. Doc. 15 Exs. X, Y. On May 2, 2011, the mandate was issued. Doc. 15 Ex. Z.

As to the Rule 3.850 Motion, Petitioner filed a Motion to Correct the Record on December 30, 2010.  Doc. 15 Ex. AA.  On January 19, 2011, the First DCA denied the Motion to Correct the Record.  Doc. 15 Ex. BB.  On February 10, 2011, the First DCA affirmed the denial of Petitioner's Rule 3.850 motion.  Doc. 15 Ex. CC.  On March 8, 2011, the mandate was issued.  Doc. 15 Ex. DD.  Also on March 8, 2011, Petitioner moved for rehearing, as well as moved to recall the mandate.  Doc. 15 Exs. EE, FF.  On April 7, 2011, the First DCA denied both motions.  Doc. 15 Exs. GG, HH.

On August 7, 2013, Petitioner submitted another Florida Rule of Criminal Procedure 3.850 petition for writ of habeas corpus.  Doc. 15 Ex. II.  On August 26, 2013, the post-conviction court denied the petition.  Doc. 15 Ex. JJ.  On September 26, 2013, Petitioner appealed the denial of his Rule 3.850 petition to the First DCA.  Doc. 15 Ex. KK.  On October 30, 2013, the appeal was dismissed.  Doc. 15 Ex. MM.  On November 26, 2013, the mandate was issued.  Doc. 15 Ex. NN.

On August 28, 2013, Petitioner submitted a belated appeal in relation to the October 5, 2010, order granting Petitioner's Rule 3.800(a) Motion for Jail Time Credit.  Doc. 15 Ex. OO.  The First DCA determined the petition was legally insufficient pursuant to Florida Rule of Appellate Procedure 9.141(C)(4)(A)–(F), but allowed Petitioner until September 30, 2013, to file an amended petition.  Doc. 15 Ex. PP.  On December 10, 2013, the First DCA issued an order noting Petitioner's noncompliance with its previous order, but allowed until December 31, 2013, for Petitioner to file his belated petition.  Doc. 15 Ex. QQ.  Petitioner did not file by the required time, and on January 22, 2014, the petition was dismissed.  Doc. 15 Ex. RR.

On November 27, 2013, Petitioner filed his § 2254 petition for writ of federal habeas corpus. Doc. 1. On October 8, 2014, Respondent filed a motion to dismiss petition as untimely, with exhibits. Doc. 15. Respondent notes that the Department of Corrections online directory indicates that Petitioner was released from incarceration in December 2013, but that he is currently under supervised release. Doc. 15 at 4–5. The case is not moot because continuing collateral consequences still exist. Mattern v. Sec'y Dept. Corr., 494 F. 3d 1282, 1285 (11th Cir. 2007) (explaining that a habeas petitioner who has been released from imprisonment subsequent to filing a habeas petition must establish that his petition still presents a case or controversy, and therefore is not moot; once a habeas petitioner has been released from imprisonment, the petitioner must establish that some collateral consequence of the conviction exists).

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filling a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. Id.

§ 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). [1]

On November 14, 2007, Petitioner pled guilty to two counts of aggravated battery on a law enforcement officer in violation of 784.07, Florida Statutes. Doc. 15 Ex. C. Using that date, Petitioner's conviction and sentence became final on December 14, 2007, when his time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sadler v. State, 141 So. 3d 1266, 1268 (Fla. 1st DCA 2014); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when the 30-day period for filing direct appeal expires). Therefore, Petitioner had until December 14, 2008, to timely file a § 2254 federal habeas petition, or to file a state post-conviction petition which would toll the AEDPA limitations period. *See* 28 U.S.C. § 2244 (d)(1)–(2); Downs v. McNeil, 520 F. 3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F. 3d 1286, 1289 (11th Cir. 2007).

Petitioner filed his first Rule 3.800(a) motion on April 8, 2008, thus tolling the time towards the AEDPA limitations period. Doc. 15 Ex. D; 28 U.S.C. § 2244(d)(2). At this point, 116 days had passed from when Petitioner's sentence and conviction became final. On July 31, 2008, the state post-conviction court denied the 3.800(a) motion and Petitioner did not appeal. Doc. 15 Ex. G. On August 30, 2008, the AEDPA clock started again when Petitioner's time to appeal expired. *See* Fla. R. Crim. P. 3.850(k)

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F. 3d 698, 702 (11th Cir. 2004).

Case No. 4:13cv659-WS/CAS

(providing movant 30 days to timely appeal all orders denying motion for post-conviction relief.); Cramer v. Sec'y, Dep't of Corr., 461 F. 3d 1380, 1383 (11th Cir. 2006) (explaining time during which habeas petitioner could have sought appeal of denial by Florida court of his motion to correct sentence tolled one-year limitations period for seeking federal habeas relief under AEDPA, even though petitioner did not seek appellate review of denial).

Petitioner did not file anything else until September 14, 2009, when he filed a Rule 3.850 motion for post-conviction relief.  Doc. 15 Ex. H; 28 U.S.C. § 2244(d)(2). At this point, an additional 380 days had passed; Petitioner accumulated 496 days of untolled time (116 + 380) and the AEDPA one-year limitations period expired. Petitioner's motions subsequent to the filing of the 3.850 post-conviction motion cannot toll the AEDPA limitations period because there was no more time available to be tolled. *See* Hutchinson v. State of Fla., 677 F. 3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run"); Tinker v. Moore, 255 F. 3d 1331, 1335 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period"); Webster v. Moore, F. 3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, the § 2254 petition is untimely.

## Conclusion

Respondent's motion to dismiss (Doc. 15) should be granted because the § 2254 petition is untimely.  The § 2254 petition (Doc. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). [2]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:13cv659-WS/CAS

should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 15) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, February 2, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**